PER CURIAM.
The appellant, Florida Leisure Acquisition Corporation, seeks review of an order by the Human Relations Commission denying the motion to tax attorney’s fees against the Commission for proceedings that transpired before the Commission, which proceedings eventuated in an appeal by the original complainant, Faison, to the First District Court of Appeal. See Faison v. Florida Leisure Acquisition Corp., 686 So.2d 585 (Fla. 1st DCA 1997). This matter previously had been before this court when Florida Leisure sought review of a non-final administrative order of the Commission pursuant to Rule 9.100(a) and (c), Florida Rules of Appellate Procedure and section 120.68(1), Florida Statutes. (1993). We declined that review with our opinion in Florida Leisure Acquisition Corp. v. Florida Commission on Human Relations, 689 So.2d 1028 (Fla. 5th DCA 1994). In a concurring opinion in the latter case, reference was made to the possibility of assessing reasonable attorney’s fees for the prevailing party against the Human Relations Commission. Unfortunately, the authority for that reference erroneously was cited as section 760.11(13), Florida Statutes (1993). The correct statutory reference for such fees, at least at this point in time, is section 120.595(5), Florida Statutes (1997), which can be utilized by an appellate court in awarding reasonable attorney’s fees to a prevailing party when the court finds that the agency action which precipitated the appeal was a gross abuse of the agency’s discretion. In the instant case any issue as to the assessment of attorney’s fees against the Commission should have been submitted to the First District Court of Appeal. Accordingly, we affirm the order of the Commission.
AFFIRMED.
COBB, W. SHARP and ANTOON, JJ., concur.